UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD BLISS,

        Petitioner,

                                CASE NO. 2:09-CV-11064
v.                                HONORABLE DENISE PAGE HOOD

NICK LUDWICK,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING WITHOUT PREJUDICE
## THE PETITION FOR WRIT OF HABEAS CORPUS

**I.    Introduction**

       This is a habeas action brought pursuant to 28 U.S.C. § 2254. Petitioner Donald Bliss, a state prisoner currently confined at the St. Louis Correctional Facility in St. Louis, Michigan, asserts that he is being held in violation of his constitutional rights. Petitioner raises claims concerning his sentence and the effectiveness of trial and appellate counsel in his habeas petition. For the reasons stated herein, the Court concludes that Petitioner has not fully exhausted his state court remedies and dismisses without prejudice the petition for writ of habeas corpus.

**II.    Facts and Procedural History**

       Petitioner pleaded guilty to second-degree home invasion and possession of firearm during the commission of a felony in the Tuscola County Circuit Court. He was sentenced as a fourth habitual offender to consecutive terms of 14 years three months to 30 years imprisonment and two years imprisonment on those convictions in 2007.

Following his convictions and sentence, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that the trial court imposed a minimum sentence that exceeds the properly scored guidelines without citing substantial and compelling reasons. *See* Pet., p. 2. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. Bliss*, No. 286737 (Mich. Ct. App. Aug. 25, 2008) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same sentencing claim presented to the Michigan Court of Appeals, as well as a claim that trial counsel was ineffective for not challenging the charges of first-degree home invasion, larceny in a building, and larceny of a firearm and for not informing him that the charges could not stand and that the reduction of the charges to second-degree home invasion and felony firearm was insufficient. *See* Pet., p. 2. The Michigan Supreme Court denied leave to appeal in a standard order. *People v. Bliss*, 482 Mich. 1071, 757 N.W.2d 459 (Nov. 25, 2008).

Petitioner dated his federal habeas petition on March 16, 2009 and the case was filed by the Court on March 20, 2009. In his petition, he raises the following claims:

  I.   The trial court imposed a minimum sentence that exceeds the properly scored guidelines without citing substantial and compelling reasons.

  II.  The court must re-sentence him because his trial counsel and appellate counsel rendered ineffective assistance for not challenging the charges of first-degree home invasion, larceny in a building, larceny of a firearm, and the felony firearm counts. Trial counsel never informed him that the charges against him could not stand.

**III.  Analysis**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review process."); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. First, he admits that he did not present his second habeas claim concerning the effectiveness of trial counsel to the Michigan Court of Appeals and first raised that claim before the Michigan Supreme Court. His presentation of that claim to the Michigan Supreme Court on discretionary review does not satisfy the exhaustion requirement. *See Castille v. Peoples*, 489 U.S. 346, 349-51 (1989). Second, it appears that he did not present the portion of his second habeas claim concerning the effectiveness of appellate counsel to any of the state courts. Petitioner has thus failed to properly exhaust all of his habeas claims in the Michigan courts.

Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348-49 (W.D. Mich. 1988), or

if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his unexhausted issues in the state appellate courts as necessary. *See* M.C.R. 6.500 *et seq.*

Additionally, the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period did not begin to run until 90 days after the conclusion of his direct appeals, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), on or about February 23, 2009. The one-year period will also be tolled during the time in which any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). While the time in which his habeas case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas

4

petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). Given that the nearly ten and a half (10 and ½) months of the limitations period remains, Petitioner has sufficient time in which to fully exhaust his issues in the state courts and return to federal court should he wish to do so. A stay is unnecessary.

Petitioner has also not shown good cause for failing to properly and fully exhaust his claims in the state courts, *i.e.*, by filing a motion for relief for judgment, before proceeding in federal court on habeas review. Moreover, his unexhausted claims appear to concern matters of federal law which may warrant further review. His unexhausted claims should therefore be addressed to, and considered by, the state courts in the first instance.

Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review the unexhausted ineffective assistance of counsel claims, such an action would deny the state courts the deference to which they are entitled. The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims before he litigates those claims in this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

**IV.     Conclusion**

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for

writ of habeas corpus. Should Petitioner wish to delete the unexhausted claims and proceed only on the fully exhausted claim, he may move to re-open this case and amend his petition to proceed on the exhausted claim within thirty (30) days of the filing date of this order. The Court makes no determination as to the merits of Petitioner's claims.

**IT IS SO ORDERED.**

                                          s/Denise Page Hood
                                          Denise Page Hood
                                          United States District Judge

Dated: April 30, 2009

     I hereby certify that a copy of the foregoing document was served upon Donald Bliss, Reg. No. 242015, 8585 N. Croswell Rd., St. Louis, MI 48880 and counsel of record on April 30, 2009, by electronic and/or ordinary mail.

                                          s/William F. Lewis
                                          Case Manager